IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JOENELL L. RICE,**

       **Petitioner,**

**v.**                                      **Civil Action No. 5:19cv184**
                                                        **(Judge Bailey )**

**SWINNIEY,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.   BACKGROUND

On June May 28, 2019, the *pro se* petitioner, Joenell Rice ("Rice") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report[1] with ledger sheets. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### II.   PETITION

In his petition, Rice alleges that he has been in the "hole" since July of 2017, a period of 23 months. In addition, Rice appears to allege that he should not be housed at a United States Penitentiary, but instead should be in a Federal Medical Center for proper treatment of his mental health disorder. For relief, he asks this Court to order his release from the hole and direct that he be sent to FMC Boston or Butner.

---

[1] Although the PTAR is blank, the undersigned finds it unnecessary to send Rice an Order to refile the same, completed and signed by an appropriate BOP official.

1

### III. ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed. *See* 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

Here, Rice complains about the conditions of his confinement. Specifically, his claim relates to his confinement in the SHU and presumably the attendant discomforts associated with confinement in something other than a regular housing unit. In addition, liberally construed, Rice alleges that BOP staff are being deliberately indifferent to his mental health. These claims are not an attack on, nor are they related in any way to, the execution of his sentence. Thus, Rice claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. *Preiser* at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that Castro Davis' § 2241 petition [ECF No.1] be **DENIED and DISMISSED** without prejudice to his right to file his claims in a civil rights action. In addition, the undersigned recommends that his Motion for Leave to Proceed *in forma* pauperis [ECF No. 2] **BE GRANTED**, but the fee be waived.

Rice shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation, **together with a <u>Bivens</u> packet** to Rice by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  June 5, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE